IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JASON SCHRADER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 1:03-CR-45 TS |

This matter is before the Court on Defendant's *Pro Se* Motion for Early Termination of Supervised Release. The government has been notified of the Motion, been presented a reasonable opportunity to object, and has not done so.[1] Having considered the file, the circumstances presented by this case, and being otherwise fully informed, the Court will grant Defendant's Motion, as set forth below.

BACKGROUND

On August 25, 2003, Defendant pleaded guilty to Count I of the Indictment, Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). Defendant

---

[1] Fed.R.Crim.P. 32.1(c)(2)(C).

1

was sentenced on November 19, 2003, to a 60-month term of incarceration, to be followed by a 48-month term of supervised release. Defendant began his term of supervised release on March 12, 2008.

## DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising officer. It has been represented to the Court that, while in custody, Defendant completed the RDAP program, as well as other programs. Additionally, Defendant has fulfilled his financial obligations, maintained full-time employment, and otherwise complied with the terms of his supervised release.

The Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice. The only impediment to Defendant's early termination is the fact that Defendant was convicted of an offense which carries a four-year minimum mandatory term of supervised release.[2] However, this Court has found that the Court retains the authority to terminate a defendant's term of supervised release before the four-year term has run.[3]

---

[2] *See* 21 U.S.C. § 841(b)(1)(b).

[3] *See United States v. McClister*, 2008 WL 153771 (D. Utah Jan. 14, 2008).

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 35) is GRANTED. It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately, and this case shall be closed.

SO ORDERED.

DATED this 18th day of May, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge